CATHALINA CADMUS, appellant,

*v.*

JOHN COMBES et al., respondents.

The testator gave the income of all his real and personal estate to his wife for her life, giving the executors a power in their discretion of selling any part of his real estate.—*Held*, that the taxes on the real estate were to be paid by the personal estate, and that no part of the real estate could be sold for that purpose.

On appeal from a decree of the chancellor, whose opinion is reported in *Combes* v. *Cadmus, 9 Stew. Eq. 382.*

*Mr. R. Wayne Parker,* for appellant.

*Messrs. Bentley & Hartshorne,* for respondents.

The opinion of the court was delivered by

BEASLEY, C. J.

This is a bill exhibited by an executor, seeking a construction, with respect to several particulars, of the will under which he is acting. The bill shows that the complainant's testator was seized, at the time of his death, of a large tract of land, situated in the city of Bayonne, containing about one hundred acres, and also of a large personal estate of about the value of $100,-

Cadmus v. Combes.

000, and that the pertinent parts of the will in question were
in these words, viz.: .

"I give, devise and bequeath unto my wife, Cathalina, my son-in-law, John
Combs, or the survivor of them, all the remainder of my estate, real and per-
sonal, to have and to hold the same for the following use, to wit: After paying
all my debts, to pay unto my wife, Cathalina, while she shall remain my widow,
the income of all my estate, whether real or personal. But if she shall remarry,
then to pay unto her the interest of $6,000 only. After the death or re-
marriage of my said wife, then to divide my personal estate amongst my five
children, equally.

"As to my real estate unsold at the death or remarriage of my said wife, I
order my executors above named, or the survivor of them, to sell the same as
soon as properly can be, having a care, however, not to sacrifice the same, and
at the end of each year to divide the proceeds made by sales during such year
amongst my five children, equally, if all shall then be living. I hereby au-
thorize and direct my executors, or the survivor of them, to sell and convey
all or any part or portion of my real estate as to them shall seem for the best
interest of my estate."

The bill further states that the personal estate which came to
the executors consists, in a great measure, of bonds secured by
mortgages on unimproved lands, and that these moneys are at
present uncollectible, owing to the depressed condition of the
market with respect to lands, and that the consequence is that
the proceeds of the real and personal estate have not been much
more than sufficient to pay the taxes and necessary expenses of
the real estate. As the lands are unproductive, the widow has
been deprived of all income or benefit derived from her late hus-
band's estate, except in the respect that she occupies the home-
stead. She now claims that the interest-moneys arising from the
personal estate cannot be appropriated to the payment of the
taxes and necessary expenses of the real estate, and that she is
entitled to the gross and not the net income. It is upon this
point that the executor applies to the court for its opinion.

The conclusion of the chancellor was that this claim of the
widow was not well founded, and this conclusion seems to me
manifestly correct. It is undoubtedly true that the testator in-
tended to provide a liberal income for his wife, but it is also true
that he intended that such income should be such as would arise
out of the interest of his personalty and the rents of his realty.

By this will, therefore, a fixed annual sum is not given to this appellant, but a sum is given which is entirely contingent on the productiveness of the estate, and thus the husband subjected his wife to the hazard of such an uncertainty. The husband had the undoubted right to leave her in this situation, and consequently the court cannot interfere with the disposition of the property. The widow is the equitable tenant for life in the real estate, and the rule is unquestionable that, as a condition of holding such title, she must keep down the taxes. No part of the lands can be sold for such a purpose. And this is the entire scope of the inquiry made of this court. If the bill had presented the questions whether the widow had not the right to insist on a sale of the real estate, at the earliest fair opportunity, and the funding of the proceeds of such sale for her benefit, or had inquired whether the executor was not bound to collect, no matter at what sacrifice, the annual interest accruing on the bonds constituting the bulk of the personal estate, questions of interest would have been before us, demanding, it may be, a careful consideration. But upon the point drawn in question, the rules of law seem to me to be clear, and consequently I think the decree should be affirmed, but without costs.

*Decree unanimously affirmed.*